# No. 14-1581

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

KEEPERS, INC.,
Plaintiff-Appellant/Cross-Appellee,

V.

CITY OF MILFORD,
Defendant-Appellee/Cross-Appellant.

V.

SIDEPOCKETS, INC. dba KEEPERS and AFTER DARK LLC
dba ROMANTIX ADULT EMPORIUM, Cross-Appellees.

_____

On Appeal from the Decision of the United States District Court
for the District of Connecticut, No. 3:07cv1231

_____

**PLAINTIFF-APPELLANT/CROSS-APPELLEE
KEEPERS, INC.'S PRINCIPAL BRIEF**

_____

JENNIFER M. KINSLEY           DANIEL A. SILVER
Kinsley Law Office             Silver & Silver LLP
Post Office Box 19478          One Liberty Square
Cincinnati, Ohio 45219         New Britain, Connecticut 06050
(513) 708-2595                 (860) 225-3518
kinsleylawoffice@gmail.com     dan@lawsilver.com

Counsel for Plaintiff-Appellant/Cross-Appellee Keepers, Inc.

# CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant/Cross-Appellee Keepers, Inc. discloses pursuant to Fed. R. App. P. 26.1(a) that it has no parent corporations and that no publicly held corporation owns more than 10% of its stock.

# TABLE OF CONTENTS

Table of Authorities ..... iii

Jurisdictional Statement ..... 1

Issues Presented for Review ..... 1

Statement of the Case ..... 1

Summary of Argument ..... 3

Argument ..... 4

    I.    The District Court Abused Its Discretion In Failing To Exclude The Police Chief's Affidavit, Which Was Not Disclosed During Discovery And Which Contradicted The City Attorney's Sworn Rule 30(b)(6) Deposition Testimony. ..... 4

        A. Standard of Review ..... 4

        B. Testimony by Corporate Officials Offered Pursuant to Fed. R. Civ. P. 30(b)(6) Binds the Corporation. ..... 5

Conclusion ..... 13

Certificate of Service ..... 14

# TABLE OF AUTHORITIES

## **Cases**

*Raskin v. Wyatt Co.*, 125 F.3d 55 (2d Cir. 1997) — 11

*Reilly v. NatWest Market Group, Inc.*, 181 F.3d 253 (2d Cir. 1999) — *passim*

*Resolution Trust Corp. v. Southern Union Co., Inc.*,
  985 F.2d 196 (5th Cir. 1993) — 6

*Rosenruist-Gestao E Servicos LDA v. Virgin Enter. Ltd.*,
  511 F.3d 437 (4th Cir. 2007) — 5

*SEC v. Rajaratnam*, 622 F.3d 1590 (2d Cir. 2010) — 4

*SerVaas, Inc. v. Republic of Iraq*, 540 Fed. Appx. 38 (2d Cir. 2013) — 5

## **Statutes**

28 U.S.C. § 1291 — 1

28 U.S.C. § 1331 — 1

28 U.S.C. § 1343(3) — 1

42 U.S.C. § 1983 — 1

Fed. R. Civ. P. 30(b)(6) — *passim*

Fed. R. Civ. P. 37(c) — 12

Fed. R. Civ. P. 56(e) — 3-4

## JURISDICTIONAL STATEMENT

The district court maintained jurisdiction to determine whether the City of Milford's sexually oriented business ordinance violates the First Amendment and other constitutional provisions under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(3). The district court's summary judgment decision resolved all issues in the case and therefore constitutes a final appealable order. Apx. 149. This Court maintains jurisdiction to resolve this appeal under 28 U.S.C. § 1291.

The district court denied Defendant-Appellee/Cross-Appellant City of Milford's motion for reconsideration of its summary judgment decision on March 28, 2014. Apx. 150. Keepers, Inc. filed its notice of appeal on April 25, 2014. Apx. 153. This appeal is therefore timely.

## ISSUE PRESENTED FOR REVIEW

> Whether, in determining that the City of Milford's sexually oriented business ordinance was not unconstitutionally vague, the district court erred in considering undisclosed evidence that contradicted the city attorney's sworn Rule 30(b)(6) deposition testimony.

## STATEMENT OF THE CASE

On August 13, 2007, Plaintiff-Appellee/Cross-Appellant Keepers, Inc. filed suit in the United States District Court for the District of Connecticut challenging the constitutionality of Defendant-Appellant/Cross-Appellee City of Milford, Connecticut's sexually oriented business ordinance. Apx. 1-2. As part of its complaint, Keepers alleged that various undefined terms in the ordinance were

1

impermissibly vague and therefore failed to provide adequate notice as to the nature of the conduct and the types of businesses that were covered. Apx. 22. Keepers attempted to determine the official meaning of these terms through interrogatories and requests for production, as well as by serving a Fed. R. Civ. P. 30(b)(6) deposition notice on the City. Apx. 158, 198.

On January 8, 2009, Keepers deposed former city attorney Marilyn Lipton as the official city representative under Fed. R. Civ. P. 30(b)(6). Apx. 168, 174. During the deposition, Lipton was asked to explain key terms in the ordinance, including what constitutes presenting adult entertainment "regularly" such that the business is required to be licensed. Apx. 194-7. Lipton was unable to offer a specific definition or explanation of this term. *Id*. On further questioning, Lipton was unable to address the application and interpretation of various other components of the ordinance as well. Apx. 221-23, 232-3, 235, 238, 242, 251-3, 257-8, 262, 264-5, 275, 278.

Relying on Lipton's testimony, Keepers filed for summary judgment on its vagueness claim, arguing that the ordinance on its face contained little guidance as to how it was to be applied and that Lipton's testimony demonstrated a lack of internal understanding about the ordinance's meaning. Apx. 105-10. In responding to the motion, the City submitted the affidavit of Keith Mello, Milford's police chief and administrator of the sexually oriented business licensing

2

program. Apx. 311-9. This affidavit, which contained official construction of key terms like "regularly features," was issued after the close of discovery and without notice to Keepers. *Id*.

Keepers then moved to strike the affidavit under Fed. R. Civ. P. 56(e), given that it contradicted Lipton's sworn Rule 30(b)(6) testimony. On March 30, 2013, Judge Alvin W. Thompson of the United States District Court for the District of Connecticut denied Keepers' motion to strike the police chief's affidavit. Apx. 46-8. The judge then considered that affidavit in awarding summary judgment to the City by denying Keepers' vagueness challenge, even though it contradicted Lipton's deposition testimony. Apx. 101. Keepers now appeals the district court's denial of its motion to strike and the resulting decision granting the City's motion for summary judgment on the vagueness claim.

## SUMMARY OF ARGUMENT

The deposition testimony of a government official taken under Fed. R. Civ. P. 30(b)(6) binds the government throughout litigation. *See Reilly v. Nat. West Market Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). Because the deponent's answers constitute the official testimony of the governmental entity itself, the government may not later contradict the Rule 30(b)(6) sworn testimony of one government official with the affidavit of another official. *Id.*; *Rosenruist-Gestao E Servicos LDA v. Virgin Enter. Ltd.*, 511 F.3d 437, 445 (4th Cir. 2007).

3

Yet that is exactly the action the district court permitted here. Months after the former city attorney for the City of Milford testified at a Rule 30(b)(6) that there were no official policies or interpretations regarding key terms in the City's sexually oriented business ordinance, and after the close of discovery, the Milford police chief submitted an affidavit that attempted to define the precise phrases and terms the city attorney could not. The district court refused to strike the affidavit and instead relied heavily upon it in denying Keepers, Inc.'s vagueness claim. This ruling constituted an abuse of discretion and should be reversed. The case should be remanded for consideration of whether the ordinance is void for vagueness based solely on the former city attorney's Rule 30(b)(6) deposition testimony.

## ARGUMENT

**I.  The District Court Abused Its Discretion In Failing To Exclude The Police Chief's Affidavit, Which Was Not Disclosed During Discovery And Which Contradicted The City Attorney's Sworn Rule 30(b)(6) Deposition Testimony.**

### A. Standard of Review

This Court reviews a district court's discovery rulings under an abuse of discretion standard. *SEC v. Rajaratnam*, 622 F.3d 159, 180 (2d Cir. 2010). This Court also reviews a district court's rulings on motions to strike affidavits and other evidence from summary judgment pleadings under Fed. R. Civ. P. 56(e) for

4

an abuse of discretion. *SerVaas, Inc. v. Republic of Iraq*, 540 Fed. Appx. 38, 41 (2d Cir. 2013).

### B. Testimony by Corporate Officials Offered Pursuant to Fed. R. Civ. P. 30(b)(6) Binds the Corporation.

Rule 30(b)(6) of the Federal Rules of Civil Procedure permits the deposition of governmental agencies through its designated officers. The procedure contains two basic steps: first, the opposing party must serve a deposition notice on the government entity that "describe[s] with reasonable particularity the matters for examination," and second, the agency must then designate officers or agents authorized to testify on its behalf on the listed subjects. Fed. R. Civ. P. 30(b)(6); *Reilly v. NatWest Market Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). The burden is on the entity to produce representatives who are knowledgeable about the subject matter and can provide complete and thorough responses. *Id.*

Testimony offered pursuant to a Rule 30(b)(6) deposition notice binds the government entity. *Id.* ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and ***binding*** answers") (emphasis added) (citations omitted). This is because the deposition notice is directed to the organization, and therefore the individual agents' testimony serves as the official testimony of the corporation. *See, e.g., Rosenruist-Gestao E Servicos LDA v. Virgin Enter. Ltd.*, 511 F.3d 437, 445 (4th Cir. 2007). In fact, when the corporation designates a

5

person to testify on its behalf at a Rule 30(b)(6) deposition, the corporate entity appears vicariously through that person. *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).

This Court considered the propriety of "correcting" a corporate agent's testimony at a Rule 30(b)(6) deposition with later evidence in *Reilly*, 181 F.3d 253. At issue in the case was a *quantum meruit* claim by a former employee, Reilly, against his employer, NatWest. *Id*. at 258-9. "Reilly requested [pursuant to Rule 30(b)(6)] that NatWest produce for deposition those of its representatives who were familiar with the extent and value of the work that he had performed." *Id*. at 259. In response to the deposition request, NatWest produced only a single witness who lacked sufficient knowledge in many of the areas identified by the Rule 30(b)(6) subpoena. NatWest later attempted to cure the deponent's lack of knowledge by submitting, just prior to trial, "a witness list naming five witnesses who had not been produced in response to Reilly's Rule 30(b)(6) notice." *Id*. The trial court precluded these witnesses from testifying as to the topics covered in the Rule 30(b)(6) deposition. *Id*. at 261.

On appeal, this Court upheld the trial court's order. *Id*. at 268-9. In so doing, the Court reasoned that NatWest was bound by its choice of witness and that witness's answers in response to the Rule 30(b)(6) deposition notice. *Id*. Moreover, the Court also found that NatWest violated the trial court's discovery

6

order by failing to disclose the five new witnesses until after the expiration of the allotted discovery period. *Id.* at 269. Both the Rule 30(b)(6) deposition testimony and NatWest's violation of the discovery order justified excluding the new witnesses from testifying at trial. *Id.* at 268-9.

For the same reasons that NatWest's undisclosed witnesses were not permitted to supplement the company's Rule 30(b)(6) deposition testimony, the City should not have been permitted to contradict Lipton's deposition with the affidavit of Chief Mello. As an initial matter, Keepers notified the City in its Rule 30(b)(6) deposition notice that it intended to seek testimony regarding "[t]he definition and interpretation of any provisions of [the sexually oriented business ordinance] which are not specifically defined in that ordinance," as well as "[a]ny and all documents prepared for the enforcement or interpretation" of the ordinance. Apx. 162. This notification followed written discovery requests seeking similar information on the meaning and construction of the regulation. Apx. 198. Thus, contrary to the district court's ruling, the City was specifically on notice that Keepers intended to question the Rule 30(b)(6) deponent as to the scope, application, and definition of key terms in the ordinance. Apx. 162.

Although the City designated Lipton as its sole witness under Rule 30(b)(6), she was unable to answer many of the questions posed by Keepers' counsel as to the breadth and vagueness of the ordinance. *See, e.g.,* Apx. 221-23,

7

232-3, 235, 238, 242, 251-3, 257-8, 262, 264-5, 275, 278.  Perhaps as a result, the City attempted to cure Lipton's lack of knowledge by issuing the Mello affidavit months after the deposition took place and after the discovery cutoff had passed.  Apx. 311-9.  Even a cursory comparison of the Lipton deposition and the Mello affidavit reveals numerous areas in which Chief Mello contradicted, supplemented, and altered Lipton's sworn testimony:

1. Mello attempts to answer whether a person appearing in a state of "semi-nudity" one time on a particular day constitutes "consistently or repeatedly."  This contradicts Lipton's testimony that a person appearing semi-nude one time in a day would be consistent and repeated.  Apx. 197-8, 313.

2. Mello's statement whether public urination would constitute "public indecency or indecent exposure," as set forth in § 2.3-2 of the ordinance, contradicts by addition Lipton's response of "I don't know."  Apx. 221, 314.

3. Mello's affidavit contradicts by addition Lipton's answer of "I'm not sure" to whether the criminal disability provision set forth in § 2.3-2 of the ordinance relating to the "distribution of controlled substances or illegal drugs or narcotics" would apply to any type of drug crime.  Apx. 232, 314.

4. Mello's affidavit contradicts by addition Lipton's answer of "I'm not sure as I stand here" in response to the question of whether any person who signs a license application must meet the licensing criteria under the ordinance.  Apx. 222, 314.

5. Mello's statement contradicts by addition Lipton's answer of "I don't know" in response to a question of whether an assistant manager would fall under the definition of a person with "influential interest" under § 2.3-2 of the ordinance.  Apx. 223, 315.

8

6. Mello's affidavit contradicts by addition Lipton's answer "I don't know" to a question regarding whether a partner with a 25% ownership interest would constitute a person of "influential interest." Apx. 233, 315.

7. Mello's affidavit contradicts by addition Lipton's answer "I'm not sure" to a question regarding the confidentiality of application materials. Apx. 233, 315.

8. Mello's affidavit supplements Lipton's answer of "as I sit here, I don't know" in response to a question regarding what constitutes a "final decision" under § 2.3-5(a) of the ordinance. Apx. 235, 315-6.

9. Mello's statement directly contradicts Lipton's testimony that "I cannot answer it as I sit here today," and "as far as I know, the City does not have any position on that question aside from what is written in the Ordinance," in regard to the nuisance abatement and padlocking related disqualification criteria contained in § 2.3-5(a)(5). Apx. 238, 316.

10. Mello's affidavit contradicts by addition Lipton's answer "I don't know" when asked whether the basis of a nuisance finding was relevant to the disqualification criteria set forth in § 2.3-5(a)(5)(i) of the ordinance. Apx. 242, 316.

11. The Mello affidavit supplements Lipton's answer "I'm not sure" regarding whether a conviction that was on appeal would be considered in regard to the disqualification criteria. Apx. 242, 316.

12. The Mello affidavit contradicts Lipton's testimony that "at this time, no, that I know of" in response to whether the City had any guidelines regarding whether or how the period of an adult business license suspension would be based upon the gravity of underlying infraction. Apx. 251, 316-7.

9

13. Mello contradicts Lipton with regard to whether an employee could have his employee license suspended for failure to stop another employee from violating the ordinance. Apx. 252, 317.

14. The Mello affidavit supplements Lipton's testimony regarding whether, with respect to §§ 2.3-10(b)(2) and (3) of the ordinance, the revocation of a license in the event that the licensee illegally or recklessly engaged in or allowed prostitution or the use or sale of controlled substances on the premises required an actual conviction. Apx. 253, 317.

15. Mello's statement contradicts by addition Lipton's answer "I don't know" regarding whether the City or the licensee has the burden of proof in a license revocation hearing. Apx. 257, 317.

16. Mello's affidavit attempts to cure Lipton's answer that she was "having trouble integrating the paragraphs regarding to whom and under what circumstances a provisional license would be issued pending an appeal to any court of the Administrator's decision to deny, suspend or revoke an adult business or an adult business employee license." Apx. 258, 317-8.

17. Mello contradicts by addition Lipton's answer "I don't know" regarding what constitutes prohibited loitering in or about an adult cabaret. Apx. 262, 318.

18. The Mello affidavit directly contradicts Lipton's testimony that the City could not provide any guidance as to how the "six foot buffer zone" was to be measured, even though Lipton was clearly asked whether this was to be measured from torso to torso, fingertip to fingertip of out-stretched arms, or by some other method. Apx. 264, 318.

19. Mello contradicts Lipton's answer "I'm not sure" when asked whether the no-touch provision would prevent any fully clothed entertainer from shaking hands with a fully clothed customer in the parking lot. Apx. 265, 318.

20. The Mello affidavit contradicts by addition Lipton's inability to answer several questions posed with regard to how many sexual devices a business would have to carry to fall within the definition of a "sexual device shop." Apx. 275, 319.

21. The Mello statement contradicts Lipton's uncertainty when asked whether the definition of "sexual device shop" meant that where there were two businesses with identical inventories of "sexual devices" and one prohibited minors from entry while the other did not, the business that allowed minors access would not be classified as a "sexual device shop." Apx. 278, 319.

These contradictions are made even more significant by Lipton's sworn testimony that the ordinance administrator would be required to seek the city attorney's legal opinion before interpreting the ordinance's provisions, a step that clearly was not taken before the Mello affidavit was executed. Apx. 270, 319.

As was the case in *Reilly*, the City should not have been permitted to supplement Lipton's Rule 30(b)(6) deposition testimony with the statement of Chief Mello. To be sure, "a party may not create a material issue of fact by submitting an affidavit in opposition to a summary judgment that, by omission *or addition*, contradicts the affiant's previous deposition testimony." *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997). This is particularly true given that the City also violated the district court's discovery schedule by failing to disclose Chief Mello either in response to the deposition notice or Keepers' written discovery requests. Apx. 47.

The district court denied Keepers' motion to strike Mello's affidavit and for discovery sanctions under Fed. R. Civ. P. 37(c) on the basis that the City did not have notice of the vagueness claim until Keepers moved for summary judgment. Apx. 46-7. This is factually incorrect. Both Keepers' complaint and its Rule 30(b)(6) deposition notice detailed specific concerns with respect to the meaning and application of the ordinance. Apx. 22, 162, 166. In addition, the City was aware that Chief Mello served as the ordinance administrator at the time of the Lipton deposition, and it could have produced both the former city attorney and Mello in response to the deposition notice. *See* Fed. R. Civ. P. 30(b)(6) (noting that the government agency to be deposed may designate multiple witnesses to appear on its behalf). Yet it wilfully chose not to, instead concealing Mello's testimony until after the close of discovery. Given this Court's pronouncement in *Reilly*, the district court should not have considered the Mello affidavit in resolving Keeper's motion for summary judgment, but should instead have held the City to Lipton's binding Rule 30(b)(6) deposition testimony. *Reilly*, 181 F.ed at 268. Its decision was an abuse of discretion, and the case should be reversed and remanded for further consideration of Keepers' vagueness challenge.

## CONCLUSION

For the foregoing reasons, the decision of the district court granting summary judgment in part to the City of Milford was in error and should be reversed. This Court should accordingly remand the case to the district court for further proceedings that exclude the police chief's affidavit.

                                      Respectfully submitted,

                                      /s/ Jennifer M. Kinsley
                                    JENNIFER M. KINSLEY
                                    Kinsley Law Office
                                    Post Office Box 19478
                                    Cincinnati, Ohio 45219
                                    (513) 708-2595
                                    kinsleylawoffice@gmail.com

                                    DANIEL A. SILVER
                                    Silver & Silver LLP
                                    One Liberty Square
                                    New Britain, Connecticut 06050-0698
                                    (860) 225-3518
                                    dan@lawsilver.com

                                    Counsel for Plaintiff-Appellant/Cross-Appellee Keepers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing and notification system (CM/ECF) and by regular U.S. mail, postage prepaid, to all counsel of record on the 15th day of August, 2014.

  /s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

DANIEL A. SILVER
Silver & Silver LLP
One Liberty Square
New Britain, Connecticut 06050-0698
(860) 225-3518
dan@lawsilver.com

Counsel for Plaintiff-Appellant/Cross-Appellee Keepers, Inc.